IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL W. MCMULLAN                                      PLAINTIFF

V.                                              CAUSE NO. 2:10cv139-KS-MTP

SCOTT ORTKIESE and ROBERT HAWKEN,
INDIVIDUALLY, and d/b/a PROTEUS CAPITAL
HOLDINGS, PROTEUS CAPITAL
HOLDINGS, L.L.C., and JOHN DOES 1-4                  DEFENDANTS

## AMENDED COMPLAINT

The Plaintiff, Paul W. McMullan, files this his Complaint against the Defendants Scott Ortkiese and Robert Hawken, Individually, and d/b/a Proteus Capital Holdings, Proteus Capital Holdings, L.L.C., and John Does 1-4, all or some thereof acting as a General Partnership, and states the following:

### PARTIES

**I.**

Plaintiff is an adult resident citizen of the City of Hattiesburg, Forrest County, Mississippi within the jurisdiction of this Court.

**II.**

The Defendants Scott Ortkiese and Robert Hawken are adult resident citizens of the State of Florida whose Post Office and street address is 1990 Main Street, PH15, Sarasota, Florida 34236, having subjected themselves to the jurisdiction of this Court by their physical presence in Forrest County, Mississippi and conduct therein of the communications to Plaintiff hereinafter described.

### III.

The Defendants John Does 1 - 4 are entities affiliated with Defendants and/or have acted in concert with Defendants in causing or contributing to Plaintiff's damages, and whose identities are currently unknown. All allegations and claims asserted herein against named Defendants are incorporated herein by reference against John Does 1 - 4 whose true names and identities will be added by Amendment when ascertained separately, severely, combined, and/or individually, pursuant to the Federal Rules of Civil Procedure.

Hereinafter, unless specifically noted otherwise, the designation of the Defendants shall represent collectively, all Defendants, including Scott Ortkiese, Robert Hawken, Individually, d/b/a Proteus Capital Holdings, Proteus Capital Holdings, L.L.C., John Does 1-4, and said General Partnership.

### IV.

The Defendant Proteus Capital Holdings is either a trade name under which the above named individual Defendants conducted the representations hereinafter described or a Limited Liability Company with the name Proteus Capital Holdings L.L.C., the individual Defendants having heretofore represented their controlling ownership and interest therein.

### SUBJECT MATTER AND VENUE JURISDICTION

### V.

The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. The Plaintiff is a resident citizen of the City of Hattiesburg, Forrest County, Mississippi and the Defendants are non residents of the State of Mississippi. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

## STATEMENT OF FACTS

### VI.

On November 27, 2009 the Defendants Ortkiese and Hawken came to Hattiesburg, Forrest County, Mississippi for the purpose of conferring with the Plaintiff about his participation in a tax credit investment project in State and Foreign Governments and Lands in which Plaintiff would have, and was so assured, an equity participation in exchange for his consultation and advice. Subsequently, Defendant Ortkiese advised Plaintiff his equity participation was ten percent (10%). Based on such representations Plaintiff expended services and advice, including more than one hundred (100) electronic communications and an even greater number of telephonic communications, for an agreed ten-percent (10%) interest. The named Defendants used the title "Proteus Capital Holdings" for the project vehicle.

### VII.

Plaintiff's ten percent (10%) interest in the project was confirmed by written communication from Defendant Ortkiese on January 12, 2010.

### VIII.

The Defendants have failed and refused to (1), respond to Plaintiff's repeated status requests and (2), provide Plaintiff such participatory interest in exchange for the valuable services provided by Plaintiff in reliance upon the agreement offered by Defendants and accepted and performed by Plaintiff.

### IX.

Beginning November 27, 2009, verbal and written communications regarding said project from some Defendants to Plaintiff and Plaintiff to Defendants, or some of them, were authorized, known to, and ratified or accepted by Defendants and each of them.

### X.

The acts of each Defendant with respect hereto were as agents for the other Defendants and are imputed to them.

## BREACH OF CONTRACT

### XI.

All preceding paragraphs hereof are incorporated herein by reference.

### XII.

Defendants have breached the covenant of good faith and fair dealing inherent in every contract. Plaintiff fully performed the subject agreement and Defendants have wilfully breached the same without cause, for which Plaintiff is entitled to actual damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may show to be reasonably due.

## UNJUST ENRICHMENT

### XIII.

All preceding paragraphs hereof are incorporated herein by reference.

### XIV.

The Defendants have availed themselves of Plaintiff's consultation and advice and have been unjustly enriched thereby through Plaintiff's actions in reliance on their now repudiated commitment,

for which Plaintiff is entitled to actual damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may show to be reasonably due.

## NEGLIGENT AND INTENTIONAL MISREPRESENTATION

### XV.

All preceding paragraphs hereof are incorporated herein by reference.

### XVI.

The Defendants have negligently and intentionally misrepresented the facts to Plaintiff, for which Plaintiff is entitled to actual damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may show to be reasonably due.

## PROMISSORY ESTOPPEL

### XVII.

All preceding paragraphs hereof are incorporated herein by reference.

### XVIII.

The Plaintiff relied to his detriment on the representations of the Defendants, who should be estopped from repudiating the same, and for which Plaintiff is entitled to actual damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may show to be reasonably due.

## FRAUD IN THE INDUCEMENT

### XIX.

All preceding paragraphs hereof are incorporated herein by reference.

## XX.

The Defendants have willfully and fraudulently misrepresented facts to Plaintiff in order to induce hi to enter into a contract. Plaintiff has acted in reliance thereon, and is entitled to actual damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may show to be reasonably due.

## ACCOUNTING

## XXI.

All preceding paragraphs hereof are incorporated herein by reference.

## XXII.

The Defendants have failed to provide in whole or in part any accounting of their transactions to which, the Plaintiff, as an equity interest holder, is entitled. Such accounting may be, therefore, and should be, required in equity.

## SPECIFIC PERFORMANCE

## XXIII.

All preceding paragraphs hereof are incorporated herein by reference.

## XXIV.

The Defendants should be required to perform the above described agreement and to convey to the Plaintiff a ten-percent (10%) equity participation in Proteus Capital Holdings or such other function or structure as Defendants may have substituted for Proteus Capital Holdings, together with Plaintiff's costs and reasonable attorney's fees incurred and to be incurred herein.

## PUNITIVE DAMAGES

### XXV.

All preceding paragraphs hereof are incorporated herein by reference.

### XXVI.

The actions of the Defendants have been willful, wanton and in gross disregard and repudiation of their agreement and in bad faith breach of contract, for which the Plaintiff is entitled to recover punitive damages of not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due and attorneys fees in such amount as shall be determined upon hearing hereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff brings this suit and prays that proper process may issue and that upon hearing hereof Plaintiff may be awarded the following relief against the Defendants jointly and severely for the following relief:

1. Such damages for Breach of Contract as may be determined to be reasonable and not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due.

2. Such damages for Unjust Enrichment as may be determined to be reasonable and not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due.

3. Such damages for Negligent and Intentional Misrepresentation as may be determined to be reasonable and not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due.

4. Such damages for Promissory Estoppel as may be determined to be reasonable and not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due.

5. Such damages for Fraud in the Inducement as may be determined to be reasonable and not less than $300,000.00 and such additional amount as the pleadings, discovery and relevant evidence may be shown to be reasonably due.

6. Accounting of Defendants' transactions.

7. Specific performance of the subject agreement and assessment of Plaintiff's costs and reasonable attorney's fees incurred and to be incurred herein.

8. General and equitable relief.

9. Plaintiff demands payment of all cost, pre- and post-judgment interest and attorneys fees to which he is entitled by law.

RESPECTFULLY submitted this the __1st__ day of June, 2010.

Paul W. McMullan, Plaintiff

Frank D. Montague, Jr. (MSB # 3409)
Robin L. Roberts (MSB #5596)
MONTAGUE, PITTMAN & VARNADO
525 Main Street
Post Office Drawer 1975
Hattiesburg, MS 39403
Telephone No.: (601) 544-1234
Facsimile No.: (601) 544-1276
fmontague@mpvlaw.com